996 F.2d 311
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Keith E. GUTHRIE, Sr., Plaintiff-Appellant,
v.
Marvin RUNYON, Postmaster General of the United States,
Defendant-Appellee.
 No. 93-3010.
 United States Court of Appeals, Tenth Circuit.
 May 20, 1993.
 
 Before TACHA, BALDOCK, and KELLY, Circuit Judges.*
 ORDER AND JUDGMENT**
 BALDOCK, Circuit Judge.
 
 
 1
 Plaintiff brought this retaliation claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3(a). Plaintiff claimed that he was terminated from employment with the United States Postal Service in retaliation for filing claims with the EEOC. The case went to trial, and the district court found that Plaintiff failed to establish a prima facia case of retaliation and entered judgment for Defendant. Plaintiff appeals.
 
 
 2
 The general approach to Title VII suits, set out in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), applies to retaliation claims. Anderson v. Phillips Petroleum Co., 861 F.2d 631, 634 (10th Cir.1988).[1] Once the case goes to trial, however, the McDonnell Douglas steps are no longer relevant, and the district court need only consider the ultimate question--i.e., whether the plaintiff proved that the defendant intentionally discriminated against him for engaging in protected activity. See Sorenson v. City of Aurora, 984 F.2d 349, 352 (10th Cir.1993). As the Supreme Court has cautioned, "[t]he ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff." Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248, 253 (1981); see also EEOC v. Flasher Co., 986 F.2d 1312, 1317 (10th Cir.1992) (rejecting EEOC argument that defendant has burden of proving absence of discrimination). Although the district court in the present case stated that Plaintiff failed to "establish a prima facie case," the court's findings of fact and conclusions of law make it clear that the court entered judgment for Defendant because Plaintiff failed to prove intentional discrimination at trial.
 
 
 3
 Defendant offered evidence at trial that Plaintiff was discharged because he was insubordinate on November 3, 1987, and because he threatened a supervisor on November 4, 1987. On appeal, the only issue presented by Plaintiff that arguably relates to his Title VII claim is that Defendant failed to prove that the insubordination and threatening conduct occurred. This argument incorrectly assumes that Defendant has the burden of proving the absence of discrimination. Therefore the district court's determination that Plaintiff failed to prove intentional discrimination stands.
 
 
 4
 AFFIRMED.
 
 
 
 *
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case therefore is ordered submitted without oral argument
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Under McDonnell Douglas, a plaintiff must first establish a prima facie case of retaliation by showing that (1) he participated in a Title VII proceeding--i.e., protected activity, (2) he was disadvantaged by actions of his employer subsequent to or contemporaneously with his protected activity, and (3) there is a causal connection between the protected activity and the adverse employment action. Id. at 634. If a prima facie case is established, then the burden of production shifts to the defendant to articulate a legitimate, nondiscriminatory reason for the adverse action. Id